UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
_____

| | |
|---|---|
| JOHNNY WHITE, ) | C/A No.: 4:16-cv-2722-BHH-TER |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Report and Recommendation [1] |
| ) | |
| JOSEPH McFADDEN, WARDEN, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, Johnny White (Petitioner), filed his petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[2] on August 1, 2016. (Doc. #1). Respondent filed a motion for summary judgment on October 31, 2016, along with a return and memorandum. (Docs. #15 and #16). The response was due on or before November 17, 2016. On November 30, 2016, Petitioner filed a motion for an

---

[1] An identical Report and Recommendation (R&R) was filed on January 10, 2017. Petitioner's objections to the R&R were due on or before January 27, 2017. (Doc. #24). On January 30, 2017, Petitioner filed a document entitled "Response to the Roseboro order for summary Judgment" with attachments (doc. #26), and the case was referred back to the undersigned to consider Petitioner's late response in opposition to Respondent's motion for summary judgment. In reviewing the response, Petitioner did not make any arguments in response to the motion for summary judgment and merely attached a copy of his petition for Writ of Certiorari and exhibits that were already a part of the record when the first R&R was issued. (See docs. # 15-2 and #15-6). Therefore, this R&R is reissued with no substantive changes to the merits.

[2] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

extension of time to file a response. This motion was granted on December 1, 2016, giving Petitioner until January 4, 2017, to file a response to Respondent's motion for summary judgment pursuant to the Roseboro order or his case may be dismissed for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure. Petitioner failed to file a response.

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)  the degree of plaintiff's responsibility in failing to respond;

(2)  the amount of prejudice to the defendant;

(3)  the history of the plaintiff in proceeding in a dilatory manner; and,

(4)  the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely

responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's orders requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

However, in the alternative, it is recommended that Respondent's motion be granted and the petition dismissed based on the merits as discussed below.

## PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in the memorandum has not been disputed as Petitioner did not file a response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is presently confined at Lieber Correctional Institution. During the December 2008 term, the Orangeburg County Grand Jury indicted Petitioner on the charges of burglary, first degree, and assault and battery with intent to kill (ABWIK). (Attachment1, pp.109-12). Jillian D. Ullman, represented Petitioner on the charges . On July 20, 2009, Petitioner pleaded guilty to the charges before the Honorable Edgar Dickson, with a recommended sentencing cap of twenty-eight (28) years.(Attachment 1, p.3-22). Judge Dickson sentenced Petitioner to concurrent

terms of twenty-eight (28) years' imprisonment for burglary and twenty (20) years' imprisonment for ABWIK. (Attachment 1, p.23).

## DIRECT APPEAL

Petitioner timely filed a notice of appeal. (Attachment 3, p.1). Plea counsel noted it was her opinion there was no legal basis for the appeal, but Petitioner had requested one and, as his attorney, it was her duty to carry out his request. (Attachment 3, p.2).

The Court of Appeals dismissed the appeal pursuant to Rule 203(d)(1)(B)(iv), SCACR, for failure to provide a sufficient explanation of the issues on appeal. (Attachment 1, p.25). Petitioner did not seek further review and the court issued its remittitur on October 8, 2009. (Attachment 4).

## PCR

Petitioner filed an application for post-conviction relief (PCR) on January 19, 2010. Petitioner raised the following claims:

1. Ineffective assistance of counsel
   a. Counsel fail to seek my medical evaluation concerning my mental health.
   b. Fail to file a directed appeal/motion for reconsideration and mollified sentence.
2. 5th, 6th, 14th Amendment Violations.
   a. Violated life and liberty interest.
3. Due Process Rights.

(Attachment 1, p. 28, 98; doc.#1 at 2).

Petitioner was represented by Tommy A. Thomas. An evidentiary hearing was convened on May 29, 2014, before the Honorable Maite Murphy. Petitioner did not proceed forward on allegations two and three but proceeded only on the claims of ineffective assistance of counsel in his application and added a claim that counsel was ineffective in failing to challenge the indictments. (Attachment 1, p.98).

By order dated August 26, 2014, Judge Murphy denied relief and dismissed Petitioner's PCR application. (Attachment 1, p. 97-108).

## **PCR APPEAL**

Petitioner filed a timely notice of appeal from the denial of his PCR application by way of a petition for Writ of Certiorari to the South Carolina Supreme Court. Petitioner argued that the PCR court erred in finding plea counsel was effective when the record demonstrated she failed to seek a mental health evaluation of Petitioner and refused to join in his pro se motion for a competency hearing when he had a long history of mental illness that would have been a mitigating factor in his culpability for participation in shooting his longtime friend. The State filed a response asserting there was ample evidence to support the PCR court's decision where the record showed plea counsel had no need to be concerned about Petitioner's mental health, Petitioner never indicated he had any symptoms of a mental disorder, and Petitioner never informed counsel of any past diagnosis.

The appeal was denied by the South Carolina Supreme Court in an order dated January 14, 2016. The Remittitur was issued on February 1, 2016, which was filed with the Orangeburg County Clerk of Court on February 2, 2016.

## HABEAS ALLEGATIONS

Petitioner raised the following in his petition, quoted verbatim:

GROUND ONE:        My conviction violates due process where I was incompetent at the time I plead guilty.

Supporting facts:        Counsel was ineffective & the court abuse it's discretion where I was incompetent at the time of the plea. The medication I was taking made it difficult to understand. It causes disorganized thinking. Prior to incident stopped taking meds because of costs. Worked at Burger King, so couldn't afford costs. Trial counsel declined to join Petitioner in his motion for a competency evaluation. Mental health since 10 years old.

(Petition).

## STANDARD FOR SUMMARY JUDGMENT

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if

the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. <u>Celotex</u>, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); <u>Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. <u>Shealy v. Winston</u>, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. <u>Barber v. Hosp. Corp. of Am.</u>, 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." <u>Mitchell v. Data General Corp.</u>, 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. <u>See</u> <u>Celotex</u>, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds

of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts

8

of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)).  However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id.  "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).  Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## ANALYSIS

### Ground One

In Ground One, Petitioner argues his plea was involuntary asserting his conviction violates his due process because he was incompetent at the time he pleaded guilty.

Respondent argues that Ground One is not properly before the Court as no state court has reviewed the nature of Petitioner's guilty plea, Petitioner did not assert this issue of court error alleging an involuntary plea due to incompetency on direct appeal

9

or at PCR. Therefore, Respondent argues that this issue is procedurally barred from federal habeas review.

Any due process argument on this issue was not presented to the state courts and would be procedurally defaulted as a free standing constitutional claim. This claim is not properly before this court, as it has not been "fairly presented" during state proceedings. George v. Angelone, 100 F.3d 353, 362 (4th Cir.1996). A federal court's habeas review focuses on the state court decision that already addressed the claims, not "the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D.Va.1997), appeal dismissed, 139 F.3d 891 (4th Cir.1998). This issue was not raised on direct appeal or ruled upon by any state court. The only issue that was raised and ruled upon relating to the claim of being incompetent was whether plea counsel was ineffective in failing to seek a competency evaluation. Even if raised, there was no ruling by the court on whether or not his plea was involuntary in violation of his due process rights.

Additionally, a plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true. The defendant may not later argue that his plea was invalid except in extremely limited circumstances, Blackledge v. Allison, 431 U.S. 63 (1977) (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the

product of such factors as misunderstanding, duress, or misrepresentation by others," though the allegations must be concrete and specific). "The accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so." Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975).[3] Therefore, it is recommended that Respondent's motion for summary judgment be granted, and Ground One be dismissed as procedurally barred.

If Petitioner is attempting to raise an issue of ineffectiveness of plea counsel for failing to request a mental evaluation, the claim fails. When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly

---

[3] See also Bemis v. United States, 30 F.3d 220, 222-23 (1st Cir.1994)(observing general rule that a defendant pursuing habeas relief is "ordinarily bound by his or her representations in court" vis-a-vis a plea); United States v. Butt, 731 F.2d 75, 80 (1st Cir.1984)(affirming denial of habeas motion without a hearing, concluding that the movant's allegations that his attorney had mislead him concerning the judge's acceptance of the plea were "unsupported by specific facts and contradicted by the record," the habeas motion being bare of "credible, valid reasons why a departure from [his] earlier contradictory statements is ... justified," citing Crawford v. United States, 519 F.2d 347, 350 (4 th Cir.1975)).

established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). The Court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct

> on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the Strickland analysis). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

At the PCR evidentiary hearing, Petitioner testified that he was diagnosed with schizophrenia brought on by stress, and he had trouble remembering things due to his condition but that he was taking medication to help control his symptoms. The PCR court found the following at the evidentiary hearing:

> He testified that he has mental health problems and a current diagnosis of schizophrenia brought on by stress. He testified that he suffers from memory related problems due to his condition. He testified that he is currently on medication to control the symptoms. He testified that he informed Counsel of his mental health concerns and requested she seek a mental health evaluation and obtain records from the Department of Mental Health, but she

> failed to do so. He introduced copies of these records as Applicants Ex. No. 1 and 2. He testified that he was forced to move for an evaluation on his own. He acknowledged that he had a hearing on this motion which was ultimately denied by the court. He acknowledged that he was able to discuss his charges and defenses with Counsel and assist in his defense.

(Attachment 1, p. 99-100).

Plea counsel testified that Petitioner did not claim mental health concerns or request a competency evaluation until he learned of the recorded conversation between him and a friend captured by a federal wiretap as he knew the recording was damaging to his case and weakening any alibi defense. The PCR court found the following testimony presented by counsel at the evidentiary hearing:

> . . . Counsel testified that she was appointed to represent Applicant as an Assistant Public Defender for Orangeburg County. She testified that she met with Applicant numerous times. She testified that one of her initial questions for new clients is whether he or she has any mental health concerns and she recalled having this discussion with Applicant. She testified that Applicant told her that he was previously treated and medicated for a mental health condition, but the he was not currently being treated or experiencing any symptoms. She testified that she had no reason to doubt Applicant's competency, as she communicate with him well and he assisted in preparing his defense for trial. She testified that Applicant never asked her to request his mental heath records and she did not request any records because mental health was not a concern during her representation of Applicant. She elaborated that Applicant has his GED ,w as employed, and was consistently paying child support, all indicative of competency.

(Attachment 1, p. 100-101).

The PCR judge found counsel's testimony to be credible and Petitioner not credible holding as follows:

Allegation that Counsel failed to seek a mental health evaluation

> Applicant alleges that Counsel was ineffective for failing to request a mental health evaluation. Applicant made a pro se motion for an evaluation, which was denied by the trial court after a motions hearing. Counsel testified that she did not join in Applicant's motion or make her own motion for an evaluation because she had no reasons to doubt Applicant's competency. Counsel testified that Applicant informed her that he previously had mental health issues, but he did not have any on-going issues and was not experiencing any symptoms indicative of a mental health condition. She testified that Applicant assisted her in trial preparation and that she was able to communicate with him without concern. Additionally, she testified that Applicant did not begin to raise any competency challenge until afer a damaging video recording surfaced and that he appeared to be malingering.

> This Court finds that this allegation is without merit and must be denied and dismissed with prejudice. First, this Court finds that Counsel's performance was not deficient, as she testified that Applicant was able to discuss his case and assist in his defense during the course of her representation and Counsel had no reason to question Applicant's competency. This Court finds that Counsel's performance was reasonable according to professional standards and, therefore, did not perform deficiently in regards to this allegation.

> Furthermore, this Court finds that Applicant has failed to establish that he was prejudiced by Counsel's alleged deficiency, as his pro se motion for an evaluation was heard and denied by the trial court. See Cherry, supra (holding

15

> that to establish prejudice, the result of the proceeding would have been difference but for counsel's unprofessional error). Therefore, this Court finds that this allegation must be denied and dismissed with prejudice.

(Tr. 104-105).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. The PCR court found that Petitioner failed to meet the first and second prongs of Strickland. The PCR court's factual determinations regarding credibility are entitled to deference in this action. Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, 220 F.3d 306 (4th Cir. 2000). The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Further, Petitioner has not shown prejudice as his *pro se* motion for an evaluation was heard and denied by the trial court.

Additionally, a plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true. The defendant may not later argue that his plea was invalid except in extremely limited circumstances, Blackledge

v. Allison, 431 U.S. 63 (1977) (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others," though the allegations must be concrete and specific). "The accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so." Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975).[4]

Based on the above discussion, it is recommended that the Respondent's motion for summary judgment be granted.

## CONCLUSION

As set out above, the Petitioner's federal habeas corpus petition should be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b), with prejudice.

Alternatively, it is RECOMMENDED that Respondent's motion for summary

---

[4] See also Bemis v. United States, 30 F.3d 220, 222-23 (1st Cir.1994)(observing general rule that a defendant pursuing habeas relief is "ordinarily bound by his or her representations in court" vis-a-vis a plea); United States v. Butt, 731 F.2d 75, 80 (1st Cir.1984)(affirming denial of habeas motion without a hearing, concluding that the movant's allegations that his attorney had mislead him concerning the judge's acceptance of the plea were "unsupported by specific facts and contradicted by the record," the habeas motion being bare of "credible, valid reasons why a departure from [his] earlier contradictory statements is ... justified," citing Crawford v. United States, 519 F.2d 347, 350 (4 th Cir.1975)).

judgment (document #16) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 2, 2017
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.